The plaintiff's place of business was in this state, while that of the defendant was in Ohio. The carboys were placed in the exclusive possession of the defendant. They were of glass and breakable, and it might be very difficult for the plaintiff to show that a carboy was broken, lost, or destroyed through the fault of the defendant. The very purpose, as it seems to me, of providing for the return of the carboys, or in the alternative to pay therefor, was to avoid the difficulty of making the defendant liable under the ordinary rule applicable to bailments. It is true that it can be argued that the price at which a lost or destroyed carboy is to be paid for was to fix the measure of compensation in the event that there was a legal liability against the defendant, under the ordinary rules applicable to bailments. But, if that was intended, it would have been an easy matter so to provide in the contract, and not leave it to rest upon mere inference and implication.

While the unprecedented flood has made it impossible for the defendant to return the carboys, that affords no good reason, as it seems to me, from relieving it from the alternative promise to pay therefor.

I think judgment should be directed for the plaintiff.

---

(161 App. Div. 201)

### GIBBONS v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

1. NUISANCE (§ 50*)—PRIVATE NUISANCE—NOMINAL DAMAGES.

Proof of a private nuisance, consisting of a gas plant emitting black smoke heavily charged with soot, which settled on plaintiff's adjoining houses, was of itself sufficient to entitle plaintiff to recover nominal damages.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 118–127; Dec. Dig. § 50.*]

2. NUISANCE (§ 53*)—PRIVATE NUISANCE—SUBSTANTIAL DAMAGES.

Plaintiff brought suit against defendant for maintaining an alleged nuisance, consisting of a gas plant located directly opposite plaintiff's houses, and proved that the operation of the plant caused the emission of black smoke heavily charged with greasy soot, which settled on the houses and penetrated the interior. There was also evidence that the rentals of the houses decreased materially after the plant was in operation, and never recovered, while similar houses in other parts of the borough produced higher rentals. *Held*, that such evidence was sufficient to take the question of plaintiff's right to recover compensatory damages to the jury, nor was such right affected by proof that the low rentals which plaintiff received might be accounted for by the fact that the neighborhood was largely devoted to manufacturing.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 129; Dec. Dig. § 53.*]

Appeal from Trial Term, New York County.

Action by Granville Gibbons against the New York Central & Hudson River Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George H. Taylor, Jr., of New York City, for appellant.
Robert A. Kutschback, of New York City, for respondent.

SCOTT, J.  [1] Plaintiff, the owner of houses and lands upon the westerly side of Locust avenue in the borough of Bronx, city of New York, sues for damages caused by the maintenance by the defendant of a nuisance, consisting of a plant for the manufacture of Pintsch gas, situated on the easterly side of said Locust avenue directly opposite the houses owned by the plaintiff.  In the course of the operation of the plant thick, black smoke is emitted, heavily charged with a greasy soot, which when the wind is in a certain quarter settles on plaintiff's houses, and even penetrates into their interiors.. That the plaintiff's proof established the fact of the nuisance is clear, and is not disputed.  The complaint was dismissed at the close of plaintiff's case because, in the opinion of the learned trial justice, the plaintiff had failed to furnish adequate proof of damages sustained.  This, as we think, was error.  The fact of the nuisance itself entitled plaintiff to at least nominal damages, but the proof was sufficient to enable a jury to find actual and substantial damage.

[2] It appeared that the rentals received decreased materially soon after the plant had been put into operation, and never recovered, and that similar houses in other parts of the borough of Bronx produced higher rentals.  This was sufficient to take the question of damages to the jury under proper instructions.  The respondent argues that an adequate reason for the low rentals which the plaintiff received is to be found in the general character of the neighborhood, which is largely devoted to manufacturing purposes.  This argument goes only to the quantum of damages, and should be addressed to the jury rather than the court.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.  All concur.